| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **JS-6** |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 15-5033-JFW (PLAx)** | Date:  August 26, 2015 |
| Title: | Hector Alvarez -v- Areas USA LAX, LLC, et al. | |

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT [filed 7/31/2015; Docket No. 20]

     On July 31, 2015, Plaintiff Hector Alvarez ("Plaintiff") filed a Motion to Remand the Action to State Court.  On August 10, 2015, Defendant Areas USA LAX, LLC ("Defendant") filed its Opposition.  On August 17, 2015, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 31, 2015 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

     On April 1, 2014, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court, alleging that Defendant terminated his employment as a cook in October 2013 after he reported and complained about an unsafe and unhealthy work environment created by metal residue in the oven.   In his original Complaint, Plaintiff alleged the following state law claims for relief: (1) violation of Cal. Labor Code § 1102.5; (2) violation of Cal. Labor Code § 6310; (3) violation of Cal. Labor Code § 6311; and (4) wrongful termination in violation of public policies for complaints/reports of unsafe/unhealthy work environment.  Plaintiff claimed, *inter alia*, that he "suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial", that he "suffered humiliation, emotional distress, and mental and physical pain and anguish all to his damage in an amount according to proof at trial," and that, pursuant to Cal. Labor Code § 1102.5, he was entitled to civil penalties not exceeding $10,000. In his Prayer for Relief, Plaintiff sought the following relief: (1) back pay, front pay, and other special damages according to proof; (2) general damages; (3) exemplary or punitive damages; (4) pre-judgment and post-judgment interest; (5) reinstatement to his position; (6) reasonable attorneys'

fees; (7) costs of suit, and such other relief as the Court deems just and proper.  Plaintiff did not specify the amount of damages he sought, but represented that the amount demanded exceeded $25,000.

On April 14, 2014, Plaintiff filed his First Amended Complaint, which added a claim for civil penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code § 2698, *et seq*.  Plaintiff again did not specify the amount in damages he sought.  On September 2, 2015, Plaintiff filed a Second Amended Complaint, which also did not specify the amount of damages he sought.

Despite discovery requests and informal inquiries, Defendant allegedly did not learn that Plaintiff sought more than $75,000 in damages until June 3, 2015, when Plaintiff expressly stated that he sought $295,000 in damages.  Although more than one year has passed since the commencement of this action, Defendant filed a Notice of Removal on July 2, 2015, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff moves to remand on the grounds that Defendant's removal was untimely.

## II.   LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a). The parties do not dispute that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), i.e., that (1) all plaintiffs are of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal.  Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Nevertheless, "[a] case may not be removed . . . on

the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith . . . ." 28 U.S.C. § 1446(c)(3)(B).

Section 1446(c)(1)'s one-year limit prevents an "unreasonable waste of judicial resources" and "gives the defendant sufficient incentive and time to determine the facts to justify removal without imposing an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). The Ninth Circuit has not yet addressed the standard to applied to the "bad faith" exception to the one-year limit, but "the requirement that a party acts in bad faith sets a high threshold." *NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) (internal citations omitted). As the removing party, the defendant bears the burden of demonstrating that the plaintiff has acted in bad faith. *See, e.g., NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014); *Rulis v. La Fitness*, 2015 WL 1344745, at *2 (E.D. Pa. Mar. 24, 2015).

**III.    DISCUSSION**

The Court concludes that Defendant has failed to meet its burden of demonstrating that Plaintiff acted in bad faith.

Although Plaintiff did not expressly state that he was seeking more than $75,000 in damages until June 3, 2015, Plaintiff never stated that he was seeking less than $75,000. Indeed, despite Defendant's contentions to the contrary, Plaintiff's Complaint does not evidence any attempt to conceal that the amount in controversy exceeded $75,000. Not only did Plaintiff claim that the amount in controversy exceeded $25,000 (which is a standard allegation, and not nefarious as Defendant suggests), Plaintiff claimed that he "has suffered and continues to sustain *substantial* losses in earnings and other employment benefits" and that he "has suffered humiliation, emotional distress, and mental and physical pain and anguish," and sought, for example, back pay, front pay, damages for emotional distress, punitive damages, and attorneys' fees. Complaint at ¶¶ 25-26 (emphasis added), Prayer. In fact, given the nature and broad range of damages sought in Plaintiff's Complaint, Defendant may have been entitled to remove solely based on the face of the Complaint, without any discovery. Regardless, Defendant was certainly on notice that there was a very strong likelihood that Plaintiff's damages would exceed $75,000. Despite this notice and for some unknown reason, Defendant never specifically asked Plaintiff whether he sought more than $75,000 in damages, never asked Plaintiff to stipulate that he sought less than $75,000 in damages, and never directly raised the issue of removal with Plaintiff.

While Defendant did seek to ascertain the amount of Plaintiff's claimed damages through discovery (and informal communications), the Court does not find that Plaintiff's responses were deliberately intended to prevent Defendant from removing the action. Indeed, for example, Plaintiff never attempted to minimize his amount in damages. *See, e.g.,* Declaration of Ashley M. Farrell [Docket No. 31-1] at ¶ 9, Exhibit G at 55 ("[A]s a result of Defendant's unlawful actions, Plaintiff suffered from and continues to suffer from severe emotional distress, including but not limited to

depression, anxiety, stress, insomnia, feelings of sadness and humiliation."); *Id.* at 56 ("For all of Plaintiff's mental and emotional injuries identified . . ., the injuries have become worse due to the Plaintiff's continued lack of work and loss of income.  Each injury occurs on a daily basis."). Moreover, Plaintiff's failure to disclose the amount of some of his claimed damages was, in fact, in large part, Defendant's fault.  Plaintiff was forced to file a motion to compel to ascertain basic information about the amount of benefits he might recover in the event he prevails at trial. Furthermore, although Plaintiff did not disclose a precise dollar amount for his claimed emotional distress damages or punitive damages, Plaintiff has at least offered reasonable explanations for not disclosing that information (i.e., "it would be speculative to provide a figure of punitive damages sought without the disclosure of Defendant's financial condition" and "an expert would be needed for purposes of ascertaining the damages [for emotional distress]").  Declaration of N. Nick Ebrahimian [Docket No. 24] at ¶ 3.  More importantly, if Defendant had truly believed that Plaintiff's responses to its discovery requests were in any way insufficient or made in bad faith to prevent removal, Defendant could have and should have filed a motion to compel discovery well within a year of the commencement of this action.

Based on this record, the Court cannot find that Plaintiff acted in bad faith.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand the Action to State Court is **GRANTED**.  This action is hereby remanded to Los Angeles County Superior Court.



IT IS SO ORDERED.